UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                              6:13-cr-121-Orl-37TBS

SHUHEL MAHBOOB ALI

## ORDER

On December 19, 2013, Defendant Shuhel Mahboob Ali pled guilty to the crime of using a facility of interstate commerce to persuade, induce, entice, or coerce a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b) (Doc. 47). The Court sentenced Defendant to 120 months in federal prison (Doc. 55). The case is back before the Court on Defendant's motion seeking the return of a computer tower, CD's, DVD's, thumb drives, memory cards, and other media storage devices that were seized from him by law enforcement officers in the United Kingdom (Docs. 59, 61). The motion is grounded on Fed. R. Crim. P. 41(g) which provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

On a motion under Rule 41(g) "Courts will determine all the equitable considerations in order to make a fair and just decision." United States v. Howell, 425 F.3d 971, 974 (11th Cir. 2005). Consistent with this equitable view, courts consider whether the movant has clean hands. See Id. (citing Gaudiosi v. Mellon, 269 F.2d 873,

881-82 (3d Cir. 1959) where the court said "no principle is better settled than the maxim that he who comes into equity must come with 'clean hands' and keep them clean throughout the course of the litigation, and that if he violates this rule, he must be denied all relief whatever may have been the merits of his claim."). One who has engaged in criminal conduct has unclean hands and is not entitled to equitable relief. Howell, 425 F.3d at 974. The Government has made uncontroverted allegations that the property Defendant seeks contains images of child pornography and other evidence of criminal activity (Doc. 61). Based upon this representation by the Government, and Defendant's plea, conviction, and sentence, the Court finds that Defendant has unclean hands (Id., at 4-6).

The Government also alleges that once its examination of the property is completed, it intends to return the property to the seizing law enforcement agency in the United Kingdom for investigation of potential criminal conduct that took place in that country (Id., at 1). The Court may deny Defendant's motion if it is satisfied that the Government has provided a legitimate reason why it requires continued possession of the property. United States v. White, 2013 WL 141147 at *1 (S.D.Fla. Jan. 11, 2013) (citing United States v. Price, No. 10-60243-CR, 2011 WL 2651802 at *1 (S.D.Fla. July 7, 2011). The Court finds that the property is the subject of an ongoing criminal investigation which is a valid reason for the Government to retain the property.

For these reasons, Defendant's motion is DENIED.

DONE AND ORDERED in Orlando, Florida, on June 1, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

    Counsel of Record
    Defendant